**STATE of Missouri, Respondent,**

v.

**Gene David COONS, Appellant.**

**No. WD 39387.**

Missouri Court of Appeals,
Western District.

Jan. 12, 1988.

James J. Wheeler, Keytesville, for appellant.

William L. Webster, Atty. Gen., Christopher M. Kehr, Asst. Atty. Gen., Jefferson City, for respondent.

Before NUGENT, P.J., and SHANGLER and BERREY, JJ.

NUGENT, Judge.

Defendant Gene David Coons appeals from his conviction by a jury of robbery in the first degree and his sentence of twenty years' imprisonment as a persistent offender.

On the evening of January 20, 1986, defendant, Gene David Coons, and Dennis Cooper drove from Brookfield to Chillicothe. They went to the Big D Oil Company, a self-service liquor store and service station that had a total of fifteen pumps. Gene Coons drove to pump number 15. Cooper pumped the gasoline and then went into the store. Defendant pulled his car away from the pump and to the side of the building. From there defendant could not see into the store and no one could see him from inside the store.

During the time Cooper was inside the store, two other cars drove up. The Anschutzes were in the first car, and they drove to a pump near the store's window from which they had a clear, lighted view of defendant's car and his license plate. Mr. Wakefield drove the second car, and he walked into the store as Dennis Cooper came out.

Inside the store Cooper got two twelve packs of beer and put them on the counter; he then went back to the liquor department. The clerk, Linda Poindexter, asked if she could help him; he said, "No," and she walked back toward the counter. Cooper followed her, and when she turned around she saw that he had drawn a gun. He told her to give him the money from the cash register. She did so, and Cooper took approximately $350 and one twelve-pack of beer and left the store. He did not pay for the beer or the gasoline. He pushed past Mr. Wakefield as he went out.

When Cooper returned to defendant Coons' car, he said, "Let's get out of here" loudly enough for Mr. Anschutz to hear him. The defendant then backed out and left through an adjoining parking lot. Everyone who testified to his leaving said that he did not spin, squeal, speed or evade; he drove normally, at a normal rate of speed.

Ms. Poindexter alerted the police; Mr. Anschutz gave them the license plate number, and Sheriff Monroe and Trooper Nichols sighted the vehicle within a short time. Again, defendant was driving in a normal fashion. Defendant turned into Pershing Park, and the officers turned on their lights and sirens. Defendant pulled over, and the officers approached with shotguns lowered. When they got near the car, they saw beer, money and a twelve inch Gensu kitchen knife on the seat and a handgun on the floorboard. They arrested both men and returned them to Chillicothe. The defendant gave the police a statement in which he admitted ownership of the kitchen knife but denied any knowledge of Cooper's plan to rob the store. He stated that Cooper told him that he had robbed the store after they left it and were half way to Brookfield.

On appeal defendant argues that the trial court erred in overruling his motion for acquittal at the close of all the evidence because no evidence existed that defendant aided or encouraged Dennis Cooper in committing the robbery and that the state failed to establish that defendant acted with the purpose of promoting or furthering the robbery.

■ When the state's case rests on circumstantial evidence, a somewhat higher standard as to the burden of proof is required. *State v. Dudley*, 617 S.W.2d 637, 639 (Mo.App.1981). The facts must be consistent with each other and with the hypothesis of guilt; they must be inconsistent with innocence, and they must preclude a reasonable hypothesis of innocence. *Id.* at 639. In Missouri a mere suspicion, however strong, will not take the place of evidence when life or liberty is at stake. *State v. Biddle*, 599 S.W.2d 182, 192 (Mo. 1980) (en banc).

■ In determining the sufficiency of the evidence, we accept all evidence, circumstantial or direct, tending to support the conviction, together with all favorable inferences reasonably to be drawn therefrom. *State v. Taylor*, 542 S.W.2d 91, 92 (Mo.App.1976). We disregard all evidence to the contrary. *State v. Nebbitt*, 713 S.W. 2d 49, 50 (Mo.App.1986).

■ Defendant argues that no evidence exists, either direct or circumstantial, that he aided or encouraged Dennis Cooper in committing the robbery. Under well-settled Missouri law, however, a party may be charged with the commission of the felony and be held under such charge for being present and participating in concert with the others in the commission of the crime, or for being present and aiding and assisting another in doing it. He need not have himself done all the things that together make up the elements of the crime. *State v. Arnold*, 566 S.W.2d 185, 187 (Mo.1978) (en banc).

In the present case, defendant told the arresting officer that he drove Cooper the twenty-five miles to Chillicothe; they "drove around" and then went to the Big D Oil Company for gasoline. In his statement defendant said that he gave Cooper $4.00 to pay for the fuel because Cooper had no money. When Cooper returned to the car, however, he had a twelve pack of beer with him. At that point defendant had to know something was amiss since $4.00 does not pay for $4.00 worth of gasoline and a twelve-pack of beer. Defendant and Cooper drove away from the service station toward Brookfield. Defendant told police officers that approximately half way to Brookfield Cooper told him that he had robbed the store. Defendant pulled off the main road toward Pershing Park and turned on to a blacktop road before the officers turned on their sirens and lights. When the officers approached the car, they saw beer, money, a knife and gun in plain view. A portion of the money had been stuffed into a pocket from which one beer had been removed. All of these articles were also visible to defendant.

"[T]he requirement of 'affirmative participation' may be satisfied by inference and the evidence need not directly place the defendant in the act of committing the crime for which he is charged." *Id.* Defendant's presence, companionship and conduct before and after the offense are circumstances from which his participation in

the crime may be inferred. *Id.* Here defendant Coons drove Cooper to and from the robbery. He knew when Cooper returned to the car that, at the least, he had not paid for the beer that he was carrying. Witnesses testified that Cooper came out of the store and said, "Let's get out of here" when he got to the car. The jury could infer from these events that defendant was aware that something was not right and that the something not right was that Cooper had stolen the merchandise. From these circumstances the jury could also reasonably infer that the purpose of the trip to Chillicothe and the stop at the service station ws the robbery and that defendant knew that all along.

Defendant argues that because he did not speed or seek to evade the police officers, he is not guilty of aiding Cooper in the robbery. The officer testified, however, that Coons' car was in a line of traffic on a dual highway; he could not speed. He did eventually turn off the main highway.

Defendant also argues that he did not resist the police officers when stopped and that this also points to his innocence. Defendant was stopped by the sheriff and a highway patrol officer; both approached his car with lowered shotguns. Resistence at that point would have been sheer stupidity. The jury was not convinced that defendant's non-resistence indicated innocence.

After reviewing all of the evidence in the light most favorable to the state and disregarding all evidence to the contrary, we find that sufficient evidence was present from which the jury could infer guilt, and we affirm the judgment.

All concur.