STATE of Missouri, Respondent,

v.

Willie WILLIAMS III, Appellant.

Willie WILLIAMS III, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 17257, 17846.

Missouri Court of Appeals, Southern District, Division One.

Oct. 22, 1992.

Emmett D. Queener, Columbia, for appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

PARRISH, Chief Judge.

Willie Williams III (defendant) was convicted after a jury trial of trafficking drugs in the second degree. § 195.223.3(2), RSMo Supp.1989. He was sentenced to imprisonment for a term of 17 years. Following sentencing, defendant filed a motion for post-conviction relief pursuant to Rule 29.15. That motion was denied after an evidentiary hearing. Defendant appeals the judgment of conviction (No. 17257) and the order denying his Rule 29.15 motion (No. 17846). The appeals were consolidated as required by Rule 29.15(*l*). This court affirms in No. 17257 and No. 17846.

In considering the appeal in defendant's criminal case, this court accepts

the evidence that supports the verdict, together with all favorable inferences that may be derived therefrom, and disregards any evidence and inferences to the contrary. *State v. Guinan*, 665 S.W.2d 325, 327 (Mo. banc 1984). In determining whether the evidence, considered in that light, is sufficient to support the conviction, the issue presented is whether reasonable persons could have found defendant guilty as charged. *State v. Dunavant*, 674 S.W.2d 685, 686 (Mo.App.1984). As to the appeal from the denial of defendant's Rule 29.15 motion, this court's review is "limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 29.15(j).

An automobile in which defendant was a passenger, and which was owned by defendant, was stopped by the chief of police of Hayti, Missouri. The officer stopping the car did so based upon information that had been received from the Missouri State Highway Patrol that a car with the same description as the one stopped was implicated in drug sales that had taken place in Kennett, Missouri, and that the occupants of the car possessed a weapon. The automobile was a black Chevrolet Impala. It had Florida license plates.

The officer asked the driver, a person other than defendant, to step out of the car. The driver was told to go to the rear of the vehicle. There were three passengers in the automobile. At the officer's request, they exited the vehicle.

The driver of the vehicle identified himself as David Gilmore. It was later learned that he was J.C. Harris, a resident of Kennett, Missouri.

Defendant told the officer that he owned the vehicle. Defendant was then told that police were looking for persons suspected of possessing cocaine and weapons and was asked if he would permit the police to search the automobile. Defendant consented to the search and opened the trunk of the car.

The vehicle was searched. Police found Tylenol III tablets that contained codeine, a controlled substance. The tablets were in the automobile trunk, wrapped in a paper towel inside a pair of tennis shoes. There was no prescription or prescription medicine bottle found. A box of ammunition, 9 millimeter shells, was also found in the trunk. Currency, in small bills, in an amount exceeding $900 was found in an ashtray in the passenger compartment.

The occupants of the car were taken to the police station. Defendant was not handcuffed or otherwise physically restrained. He was not searched before he was transported. At the police station, before entering the building, defendant began to run from the officers who had transported him. Two officers pursued him. One of the officers gave the following testimony about what occurred:

Q. And when he first began—Before he ran, or shortly after he ran, did he do anything with his hands?

A. Yes, sir, he did.

Q. What did he do?

A. Our courthouse is a two story building, and there is a wall that goes around the steps leading up to the second floor; as he rounded that wall he was at or near the waistband of his pants with both hands.

Q. All right. And you were chasing him at that time?

A. Yes, sir.

Q. And how far did you chase him?

A. About a block and a half.

Q. Did you holler at him or anything when you were chasing him?

A. Yes, sir.

Q. And during that chase of a block and a half did you catch him, or did he stop, or what or how did you get control of him?

A. He passed the newspaper office, and as he passed the newspaper office he threw something, went a short distance, placed his hands up on the brick wall and said, "I give up. I'm not going anywhere."

Q. All right. And can you describe what you saw him throw?

A. Just two white objects.

The officer testified that defendant had thrown the objects over a fence that sepa-

rated two buildings. He told another officer what he had seen. The other officer went to the location where defendant had thrown the objects to look for them. He found nothing on the ground, but observed a small shed "between ten and fifteen feet" from the fence over which the objects were thrown. He looked on top of the shed and found two white bottles lying on the roof. They contained 99 "rocks" of cocaine that weighed 9.69 grams. There was testimony that the "street price" of rocks of cocaine was "$25.00 to $30.00 a rock."

Defendant presents three points on appeal. Points I and II relate to the criminal case. Point III relates to the Rule 29.15 motion. Additional facts relative to Point III are included in the part of this opinion where the appeal of the Rule 29.15 motion is discussed.

■ Defendant's first point asserts that the evidence at trial was insufficient "to convince a rational trier of fact that [defendant] possessed a controlled substance." Defendant contends that the state's evidence was not sufficient to prove that defendant possessed the two bottles that contained the rocks of cocaine.

Defendant argues that the only evidence that he possessed the bottles was circumstantial. He contends that such evidence "must meet a somewhat greater standard as to the burden of proof." He points to *State v. Coons*, 743 S.W.2d 112 (Mo.App. 1988), and *State v. Dudley*, 617 S.W.2d 637 (Mo.App.1981), for an articulation of what is required in order to prove a fact by circumstantial evidence. *Coons* states:

> The facts must be consistent with each other and with the hypothesis of guilt; they must be inconsistent with innocence, and they must preclude a reasonable hypothesis of innocence.

743 S.W.2d at 114. *See also Dudley,* 617 S.W.2d at 639.

The following facts were proven. They are the circumstances from which it was concluded that defendant had possession of the rocks of cocaine. Defendant was not searched prior to being brought to the police station. As he approached the building in which the police station was located, Defendant ran from custody. As he began to run, he placed both of his hands at or near the waistband of his trousers as if he were removing something from beneath the waistband. He did this as he ran by a wall that extended alongside steps that led to the police station. He continued to run. The police officers who chased defendant saw him throw "two white objects" over a fence that separated two buildings. Defendant did this after he had run "[a]bout a block and a half." After defendant had run a short distance beyond the place where he had thrown the objects over the fence, he stopped, put his hands on a brick wall and surrendered. The two white bottles that contained 99 rocks of cocaine were found on top of a small shed located next to the fence over which defendant had thrown two objects. The bottles containing the rocks of cocaine were the only objects there that looked like what defendant had thrown.

■ In order for circumstances to be sufficient to demonstrate a fact that is required to be proven in a criminal case, "they need not demonstrate an absolute impossibility of innocence." *State v. Aguilar,* 429 S.W.2d 754, 757 (Mo.1968). The circumstances of defendant's actions, together with the finding of the two bottles containing rocks of cocaine, point clearly and satisfactorily to defendant's guilt so as to exclude every reasonable hypothesis of his innocence. There was sufficient evidence from which reasonable persons could have found that defendant committed the offense of trafficking in the second degree. Defendant's first point is denied.

■ Defendant's second point is directed to comments made by the prosecuting attorney during closing argument. Defendant contends that the trial court erred "by failing to declare a mistrial when the prosecutor directed the jury in closing argument to require [defendant] to prove reasonable doubt." He contends the comments made by the prosecuting attorney "shifted the burden of proof from the state to [defendant], and prejudiced [defendant] beyond

the court's ability to remedy with a curative instruction."

The prosecuting attorney made the following statement during closing argument:

If there's any reasonable doubt in this case, folks, make the Defendant's attorney tell you what it is and I'll have a chance to talk to you again for just a few minutes.

This statement was made at the end of the opening segment of the state's closing argument. The prosecuting attorney then thanked the jury.

Defendant's trial attorney asked to approach the bench and the following colloquy occurred outside the presence of the jury:

[DEFENDANT'S ATTORNEY]: Your Honor, I will object at this point and ask for a mistrial because the prosecution has just said that make us show a reasonable doubt which is contrary to the Constitution. We have nothing to prove. The elements of the crime have to be proven by the State.

THE COURT: I'll deny the request for a mistrial.

Defendant's trial attorney then proceeded to make closing argument for defendant.

In *State v. Parkus*, 753 S.W.2d 881, 885 (Mo. banc 1988), the court held:

The trial judge has wide discretion in controlling the scope of closing argument and determining what constitutes impermissible references in the context of trial, ... and it is he who occupies the best position to observe the effect of contested statements on the jury. [Citations omitted.]

And, in *State v. McDonald*, 661 S.W.2d 497, 506 (Mo. banc 1983), the court identified the scope of appellate review with respect to rulings on objections made during closing arguments. The court stated:

A trial court's discretion in allowing or rejecting argument of counsel and its rulings are reversible only for an abuse of discretion where the argument is plainly unwarranted.

Defendant has inaccurately characterized the prosecuting attorney's remarks in stating that they "directed the jury." Neither the prosecuting attorney's remarks nor the defendant's attorney's remarks "directed the jury." The jury received its directions from the trial court. The directions were provided by the jury instructions. The prosecuting attorney and the attorney for defendant argued their respective versions of what the evidence and the inferences that could be drawn from the evidence showed.

The prosecuting attorney outlined the evidence that had been presented. He discussed the verdict-directing instruction that had been read to the jury and suggested that all requisites for finding defendant guilty had been established. He argued that law enforcement officers had done a good job in apprehending the defendant and in providing the necessary evidence to support defendant's conviction. The prosecuting attorney suggested that the evidence for conviction was strong. He suggested that the only better evidence would have been to have had a video camera recording the events that were described by the testimony of the witnesses. The prosecuting attorney concluded the opening segment of his closing argument by making the statement to which defendant objected.

■ Considering the statement about which the defendant complains in the context of the entire argument up to that point, the statement was no more than an invitation to defendant's trial attorney to point out any shortcomings in the evidence upon which the state was relying. The prosecuting attorney's statement amounted to a representation to the jury that the state's evidence had proven that defendant was guilty beyond a reasonable doubt. "[A] prosecutor may state an opinion or conclusion which he fairly draws from the evidence, as of defendant's guilt." *State v. Jackson*, 499 S.W.2d 467, 471 (Mo.1973). That statement may be a belief that a defendant is guilty "where it is fairly apparent the opinion is based upon the evidence." *Id.*

■ "As long as the prosecutor stays within the record and its reasonable infer-

ences his argument is legitimate." *State v. Taylor*, 508 S.W.2d 506, 514 (Mo.App.1974). Here, the prosecuting attorney told the jury that the evidence and its reasonable inferences were sufficient to permit them to find, beyond a reasonable doubt, that the defendant was guilty of the crime charged. He did not suggest to the jury that defendant had to prove his innocence. The trial court did not abuse its discretion in denying the request for mistrial. Defendant's second point is denied.

■ Defendant's third point contends that the motion court erred in denying the relief requested by his Rule 29.15 motion. Defendant contends that he was denied effective assistance of counsel. He claims that his trial counsel was deficient in not filing a motion to suppress evidence "in that the bottles containing a controlled substance were recovered as the result of an unlawful seizure of [defendant] without a warrant and without probable cause to arrest."

The motion court acknowledged that "the test of the validity of an arrest is whether [the] arresting officer had reasonable grounds to suspect that the person arrested has committed a felony." It further pointed out that "[t]he information known to an officer need not be tantamount to such quantum of proof which would sustain a conviction. *State v. Gant*, 490 S.W.2d 46, 47 and 48 (Mo.1973)." The motion court determined:

Police Chief McKay had the following information at the time he detained Movant and took him to the police station for investigation: (1) through the Highway Patrol he had received a tip that an automobile with this description and with Florida license contained persons who were selling drugs; (2) Movant was the owner of the car and was in the automobile at the time it was stopped; (3) there was over $900.00 in cash in the glove compartment and the ash tray of the car; (4) four tylenol III tablets, a controlled substance, was found wrapped in a napkin and stuck into a tennis shoe in the trunk; (5) the automobile contained a box of nine millimeter bullets; (6) the driver

of the vehicle gave a false name. This information is more than sufficient to satisfy the requirement of probable cause. The arrest of a person in a public restaurant based only on report from a reliable source that he possessed stolen credit cards was found sufficient to satisfy requirements of probable cause. *U.S. vs. Watson*, 423 U.S. 411, 46 L.Ed.2d 598, 96 S.Ct. 820 [1976]. See also *Gant* at 48. [Defendant's attorney] knew all of these facts and accurately concluded that a Motion to Suppress would not be sustained.

■ The findings and conclusions of the motion court in this regard are not clearly erroneous. "Failure to file a motion to suppress unsupported by fact and law is not ineffective assistance of counsel." *Smith v. State*, 789 S.W.2d 172, 173 (Mo. App.1990). The third point is denied.

The judgment of conviction in No. 17257 is affirmed. The order denying the Rule 29.15 motion in No. 17846 is affirmed.

CROW, P.J., and SHRUM, J., concur.