**STATE of Missouri, Respondent,**

v.

**Thomas O. CARTER, Appellant.**

**Thomas CARTER, Appellant,**

v.

**STATE of Missouri, Respondent.**

**Nos. WD 45235, WD 46384.**

Missouri Court of Appeals,
Western District.

March 9, 1993.

Brad B. Baker, Columbia, for appellant.

William L. Webster, Atty. Gen., Michael J. Spillane, Asst. Atty. Gen., Jefferson City, for respondent.

Before SMART, P.J., and SHANGLER and FENNER, JJ.

FENNER, Judge.

Appellant, Thomas Carter, appeals his conviction of robbery in the first degree in violation of section 569.020, RSMo 1986.[1] Carter also appeals the court's denial of his motion for postconviction relief after an evidentiary hearing. The appeals have been consolidated pursuant to Rule 29.15.

A jury trial took place in the Circuit Court of Boone County on June 20, 1991. The jury found appellant guilty of the Class A felony of robbery in the first degree. Specifically, appellant was found to have acted in concert with David Hickem, who robbed a convenience store at knifepoint, by driving the getaway car in which Hickem made his escape. On August 13, 1991, the trial court sentenced appellant as a prior and persistent offender to a term of ten years imprisonment in the Missouri Department of Corrections, to be served consecutively to a sentence previously imposed in the Circuit Court of Boone County.

The evidence adduced at trial includes the following: On December 28, 1990 at approximately 3:15 a.m., David Hickem committed the armed robbery of the Ultra Mart convenience store at the corner of Green Meadows and Providence Road in Columbia, Missouri. Hickem, who was wearing a ski mask, threatened the store clerk, Christopher Francis, with a knife and told him to put money in a paper bag. Hickem then took Francis out to the parking lot and told him to lie down in Francis' car which was parked in front of the store. Francis testified that he sat up after a few seconds and saw Hickem pacing around near the store. When Francis looked up

1. All statutory references are to RSMo 1986, unless otherwise noted.

again several seconds later, Hickem was gone.

The police found a trail of footprints in the snow from the Ultra Mart parking lot where Hickem had been pacing to a nearby carwash. The footprints led into a bay of the carwash and tire tracks led away from this bay to Providence Road. Sergeant Mike McFarland of the Columbia Police Department testified that he drove south on Providence Road after being informed about the robbery at the Ultra Mart. According to his testimony, he saw a car driving northbound on Providence Road which resembled a vehicle seen leaving an earlier incident. He first noticed this car at the intersection of Providence and Stadium Road. McFarland testified that it took him only about two minutes to get to this intersection from the police department.

McFarland followed the car and saw three black men in the car, including a passenger in the back seat who matched the description of the Ultra Mart robber. After the car ran a red light, McFarland pulled it over. Upon looking into the car, McFarland saw the ski mask and bag of money on the seat between appellant and the front passenger, Daryl Sheley. He did not order the men out of the car until other officers arrived. After the men got out of the car, appellant, who was driving the car, gave McFarland permission to search the car. In addition to the ski mask and paper bag containing the money, McFarland found a knife partially hidden under the right front passenger seat. Francis later identified the ski mask as that worn by the robber. Furthermore, the footprints in the snow and on the floor of the Ultra Mart matched the tennis shoes worn by Hickem.

Hickem admitted at trial that he had committed the robbery, but denied that appellant or Sheley had assisted him in any way. Hickem claimed that another man had driven the getaway car and that this man had dropped him off on Providence Road, at which point he was picked up by Carter and Sheley.

After being found guilty of robbery in the first degree, appellant filed a motion for judgment of acquittal notwithstanding the jury's verdict, or in the alternative for a new trial, on July 12, 1991. On December 18, 1991, appellant filed a *pro se* motion for postconviction relief under Rule 29.15. Appellant's counsel filed an amended motion for postconviction relief on March 10, 1992. After an evidentiary hearing, appellant's Rule 29.15 motion was denied on April 27, 1992.

In his first point on appeal, appellant argues that the trial court erred in overruling appellant's motion for judgment of acquittal at the close of the evidence and motion for a new trial in that the state failed to prove, beyond a reasonable doubt, every element of the offense charged by not producing sufficient evidence to convince a rational trier of fact that appellant knowingly acted in concert with David Hickem to forcibly steal currency in the possession of Ultra Mart. Appellant argues further that the only evidence presented by the state was circumstantial and consistent with a reasonable hypothesis of appellant's innocence of the charged offense, namely that appellant had no knowledge that Hickem had robbed Ultra Mart.

In determining the sufficiency of the evidence, we accept all evidence, circumstantial or direct, tending to support the conviction, together with all favorable inferences reasonably to be drawn therefrom, and we disregard all evidence to the contrary. *State v. Coons*, 743 S.W.2d 112, 114 (Mo.App.1988) (citations omitted). The information charged appellant with committing the Class A felony of robbery in the first degree, in violation of section 569.020.[2] Hickem pled guilty to committing the robbery and the evidence clearly shows that

**2.** Section 569.020 provides:
1. A person commits the crime of robbery in the first degree when he forcibly steals property and in the course thereof he, or another participant in the crime,
(1) Causes serious physical injury to any person; or
(2) Is armed with a deadly weapon; or

(3) Uses or threatens the immediate use of a dangerous instrument against any person; or
(4) Displays or threatens the use of what appears to be a deadly weapon or dangerous instrument.
2. Robbery in the first degree is a class A felony.

Hickem actually committed the robbery. Thus, appellant's liability was based on section 562.041.1(2) which provides:

A person is criminally responsible for the conduct of another when ... [e]ither before or during the commission of an offense with the purpose of promoting the commission of an offense, he aids or agrees to aid or attempts to aid such other person in planning, committing or attempting to commit the offense.

According to the court in *State v. Lager*, 744 S.W.2d 453, 456 (Mo.App.1987), the factors to be considered in accomplice liability situations are as follows:

The evidence need not show that defendant personally committed every element of the crime. Among other things, indicia of aiding and abetting are presence at the scene of the crime, flight therefrom and association with others involved before, during, and after the commission of the crime. Proof of any form of participation by defendant in the crime is enough to support a conviction and his presence at the scene, his companionship before and after the offense are circumstances from which one's participation in the crime may be inferred.

In *Lager*, the court stated that the joint possession of recently stolen property will support an inference of guilt when coupled with other evidence. *Id.* The court further stated that presence, companionship, and conduct before and after the offense are circumstances from which one's participation in a crime may be inferred. *Id.* In other words, the requirement of affirmative participation may be satisfied by inference and the evidence need not directly place the appellant in the act of committing the crime for which he is charged. *Coons*, 743 S.W.2d at 114.

The record reflects that Hickem knew appellant and Sheley and considered them friends. Furthermore, the money that was stolen from the Ultra Mart was on the seat between appellant and Sheley, thus supporting an inference of guilt particularly when coupled with the fact that Hickem was friendly with appellant and Sheley and

was driving in their car only minutes after the robbery was committed. In other words, the facts support the inference that appellant not only had knowledge of the robbery but was an active participant therein.

■ Appellant also argues that the only evidence presented by the state was circumstantial and, thus, a conviction cannot be affirmed if the evidence would also sustain a reasonable hypothesis of appellant's innocence. *See State v. Strother*, 807 S.W.2d 120, 123 (Mo.App.1991) (citing *State v. Biddle*, 599 S.W.2d 182, 192 (Mo. banc 1980)). This "circumstantial evidence rule" applies only when all of the evidence is circumstantial and there is no direct evidence. *State v. Newbold*, 731 S.W.2d 373, 380 (Mo.App.1987). Direct evidence is evidence which proves the existence of a fact in issue without other inference of that fact. *Id.* For example, a criminal defendant's admissions are direct evidence of guilt. *Id.*

As pointed out by the State, the case included both direct and circumstantial evidence. The direct evidence included Hickem's admission that he committed the robbery at Ultra Mart, the store clerk's testimony describing the robbery and his identification of the objects used during the course of the robbery which were found in the car appellant was driving just minutes after the robbery, and the testimony of Sergeant McFarland who spotted the vehicle driven by appellant with Hickem in the back seat.

We find appellant's argument that the case is based solely on circumstantial evidence to be without merit. Furthermore, we find that a rational jury could infer guilt beyond a reasonable doubt based on the evidence presented.

Appellant's point one is denied.

In his second point, appellant argues that the trial court plainly erred in submitting Instruction Number 5, the verdict director on robbery in the first degree, to the jury, resulting in a manifest injustice and a miscarriage of justice.[3] Specifically, appellant

---

**3.** Appellant correctly notes that because this issue was not raised in his motion for new trial,

review is only allowed under the plain error doctrine. *See,* Rule 70.03 (stating that specific

contends that the original information charged appellant with aiding or encouraging Hickem in taking currency from Ultra Mart, while Instruction No. 5 stated the charge in terms of taking currency from the store clerk, Christopher Francis, thus constituting a fatal variance.

■ In order to establish plain error, appellant must show not only that prejudicial error resulted, but that the error so substantially affects his rights that manifest injustice or a miscarriage of justice will result if left uncorrected. *State v. Hunn*, 821 S.W.2d 866, 869–70 (Mo.App. 1991).

The information charging the appellant read, in pertinent part, as follows:

Comes now Robert D. Aulgur, Assistant Prosecuting Attorney within and for the County of Boone and State of Missouri and upon his official oath charges the defendant, Thomas O. Carter, acting in concert with David W. Hickem: In violation of Section 569.020, RSMo, committed the Class A Felony of robbery in the first degree, punishable upon conviction under Section 558.011.1(1), RSMo, in that on or about the 28th day of December, 1990, in the County of Boone, State of Missouri, the defendant, *acting in concert with David W. Hickem, forcibly stole currency in the possession of Ultra Mart,* and in the course thereof defendant threatened the immediate use of a deadly instrument, . . . . (emphasis added).

Instruction No. 5, the instruction which appellant argues is fatally at variance with the above information, reads as follows:

A person is responsible for his own conduct and he is also responsible for the conduct of another person in committing an offense if he acts with him with the common purpose of committing that offense, or if, for the purpose of committing that offense, he aids or encourages the other person in committing it.

If you find and believe from the evidence beyond a reasonable doubt:

First, that on or about December 28, 1990, in the County of Boone, State of Missouri, *David Hickem took United States Currency, which was property in possession of Christopher A. Francis,* and

Second, that David Hickem did so for the purpose of withholding it from the owner permanently, and

Third, that David Hickem in doing so threatened the immediate use of physical force on or against Christopher A. Francis for the purpose of forcing Christopher A. Francis to deliver up the property, and

Fourth, that in the course of taking the property, David Hickem used or threatened the immediate use of a dangerous instrument against Christopher A. Francis,

then you are instructed that the offense of robbery in the first degree has occurred, and if you further find and believe from the evidence beyond a reasonable doubt:

Fifth, that with the purpose of promoting or furthering the commission of robbery in the first degree, the defendant aided or encouraged David Hickem in committing that offense, then you will find the defendant guilty of robbery in the first degree.

However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

As used in this instruction, the term "dangerous instrument" means any instrument, article or substance which, under the circumstances in which it is used, is readily capable of causing death or other serious physical injury.

If you do find the defendant guilty of robbery in the first degree, you will return a verdict finding him guilty of robbery in the first degree.

(emphasis added).

■ A variance between an information and an instruction is fatal only when the instruction submits a new and distinct

objections to instructions shall be required in motions for new trial unless made at trial);

Rule 29.12(b).

offense. *State v. Brotherton,* 797 S.W.2d 813, 817 (Mo.App.1990). In the case at bar, appellant argues that the fatal variance consists of the information stating that the money stolen was property in the possession of Ultra Mart, while the verdict directing instruction states that the money stolen was property in the possession of Christopher Francis, the store clerk at Ultra Mart. We find this argument to be without merit.

The information and the instruction do not state separate and distinct offenses. The only difference between the two is that the information more generally states that the money was stolen from Ultra Mart, while the instruction specifies the store clerk from whom it was stolen. The person or entity from whom the money was stolen is not an element of the offense of robbery in the first degree. *See* Section 569.020. Because we find that there is no fatal variance, we cannot find that plain error occurred by the trial court submitting Instruction No. 5.

Appellant's second point is denied.

In his third point on appeal, appellant argues that the motion court clearly erred in denying appellant's Rule 29.15 motion for postconviction relief based on ineffective assistance of counsel. Appellant argues that trial counsel failed to specifically object to Instruction No. 5, the verdict directing instruction, which was at variance with the information, as discussed in Point Two above.

The appellate court's review of a denial of a Rule 29.15 motion is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. *Amrine v. State,* 785 S.W.2d 531, 533 (Mo. banc), *cert. denied,* 498 U.S. 881, 111 S.Ct. 227, 112 L.Ed.2d 181 (1990); Rule 29.15(j). Such findings and conclusions of the motion court are clearly erroneous if, upon review of the entire record, the appellate court is left with the "definite and firm impression that a mistake has been made." *Foster v. State,* 748 S.W.2d 903, 905 (Mo.App.1988) (quoting *Stokes v. State,* 688 S.W.2d 19, 21 (Mo.App.1985)).

In order to prevail on a claim of ineffective assistance of counsel, a postconviction movant must prove by a preponderance of the evidence that the attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances, and that movant was thereby prejudiced. *Amrine,* 785 S.W.2d at 534. In order for movant to prove that he was prejudiced by his counsel's deficient performance, he must show that but for his counsel's errors, a different outcome would have resulted. *Sanders v. State,* 738 S.W.2d 856, 860–61 (Mo. banc 1987). Furthermore, counsel is not considered ineffective because of his failure to make a nonmeritorious objection. *Sidebottom v. State,* 781 S.W.2d 791, 799 (Mo. banc 1989), *cert. denied,* 497 U.S. 1032, 110 S.Ct. 3295, 111 L.Ed.2d 804 (1990).

In the case at bar, the motion court found that the discrepancies between the information and Instruction No. 5 did not prejudice the movant. It further found that the jury was not confused by the discrepancy because it was clear that the named store clerk was employed at the Ultra Mart where the robbery occurred. As discussed in Point Two above, these findings were not clearly erroneous. Any objection by counsel as to this immaterial discrepancy would have been nonmeritorious. Thus, appellant was not denied effective assistance of counsel.

Appellant's third point is denied.

In his final point, appellant argues that the trial court erred in giving Instruction Number 4, patterned after MAI–CR3d 302.04, because its definition of "proof beyond a reasonable doubt" as "proof that leaves you firmly convinced of the defendant's guilt" allowed the jury to find appellant guilty based upon a degree of proof below that required by the due process clause.

Instruction Number 4, which contains the exact language as MAI–CR3d 302.04, has been repeatedly upheld by the Missouri Supreme Court. *State v. Blankenship,* 830 S.W.2d 1, 13 (Mo. banc 1992) (citations omitted); *State v. Taylor,* 831 S.W.2d 266, 271 (Mo.App.1992).

We find no error.

The judgment is affirmed.

All concur.