**Clarence FRIEND, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 18748.**

Missouri Court of Appeals,
Southern District,
Division One.

Dec. 3, 1993.

Rosalynn Koch, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

PARRISH, Chief Judge.

Clarence Friend (movant) was convicted of assault in the first degree, § 565.050, RSMo 1986, and sentenced to imprisonment for a term of 25 years. He filed a pro se Rule 29.15 motion that was denied without evidentiary hearing. *See State v. Friend,* 822 S.W.2d 938 (Mo.App.1991). Movant appealed the judgment and sentence in his criminal case and the order that denied his pro se Rule 29.15 motion. This court affirmed the judgment and sentence in the criminal case. *Id.* at 945. It reversed the order denying the Rule 29.15 motion and remanded with directions. *Id.* at 946.

On remand, the trial court permitted movant's appointed counsel to file an amended Rule 29.15 motion. An evidentiary hearing was held. After entering written findings of fact and conclusions of law, the trial court denied the motion. Movant appeals from the order denying his Rule 29.15 motion. This court affirms.

Movant asserts in this appeal that his trial counsel provided ineffective assistance "in that [trial] counsel introduced the hearsay statement of witness Bobby Joe Letterman to the effect that a person named 'Donnie' had been the one who fired shots at the victim, when [trial] counsel know [sic] or should have known that the state would rebut the testimony with the detailed written confession of Bobby Joe Letterman which constituted the strongest evidence implicating [movant]."

At the trial in movant's criminal case, movant's trial counsel claimed that the assault with which movant was charged was committed by another person, Donald Tummons. The assault was the shooting of a police officer, Mark LaRose. The shot that struck Officer LaRose was fired by the driver of an automobile that Officer LaRose stopped. The officer suspected that the driver was intoxicated. The driver ran away after shooting the officer.

Officer LaRose was acquainted with a passenger in the automobile, Bobby Joe Letterman. Letterman had remained in the automobile after it stopped. At movant's criminal trial, movant's attorney elicited the information, on cross-examination, from Officer LaRose that Letterman told him the name of the person who shot him was Donnie.

Later in the trial, Bobby Joe Letterman was called as a witness. He refused to testify. The trial court declared that Bobby Joe Letterman was unavailable to testify at the trial. Parts of a written statement given by Letterman were then admitted in evidence. The parts of the statement that were admitted in evidence were read to the jury, including the following questions and answers:

QUESTION: A man shot at a police officer last night in the 10 hundred block of South Golden. Were you present?
ANSWER: Yes.

.    .    .    .    .

QUESTION: Who shot at the police officer[?]
ANSWER: Allen Friend.

The statement was read to the jury after Officer LaRose testified that Letterman told him someone named Donnie shot him. Movant argues "that [his trial] counsel adduced the fact that Bobby Joe Letterman, a witness who invoked his right to be free from self-incrimination, had stated at the time of his arrest that a person named 'Donnie' had been the one who fired shots at Officer LaRose, opening the door for the state to use the detailed confession of Bobby Joe Letterman unequivocally implicating [movant]. As a result, [movant] was unable to keep out the most damning evidence against him, consisting of a confession by a person who claimed to have been with him at the time he shot at Officer LaRose."

The trial court's findings of fact included:

1. This Court finds that trial counsel was not ineffective in eliciting evidence of Bobby Joe Letterman's hearsay statement that someone named Donnie had fired the shot at Officer Mark LaRose, knowing that the State might attempt to rebut that testimony with Letterman's prior inconsistent statement that movant had fired the shots. This Court finds that it was counsel's trial strategy to attempt to show that someone other than movant (in this case, Donald Tummons) fired at Officer LaRose. This Court further finds that trial counsel believed this to be his best and only strategy of defense, and that it was counsel's strategy, should the State be successful in getting Letterman's prior statement into evidence, to argue that Letterman had had time to manufacture his statement that movant had fired the gun. This Court further finds that, had the hearsay statement not come into evidence, counsel could not have employed the defense that Donald Tummons had fired the gun.

Its conclusions of law included:

1. In order to sustain a claim of ineffective assistance of counsel, movant must prove that the performance of counsel was deficient by professional standards, and that he was prejudiced thereby. He must also show a reasonable probability that the outcome would have been different but for the professional errors. *Strickland v. Washington*, 466 U.S. 668, 697–99, 104 S.Ct. 2052, 2070, 80 L.Ed.2d 674 (1984); *State v. Stepter*, 794 S.W.2d 649, 656 (Mo. banc 1990); *State v. Brown*, 824 S.W.2d 924, 929 (Mo.App.1991).

.    .    .    .    .

3. Allegations relating to trial strategy are not a basis for post-conviction relief. *Grubbs v. State*, 760 S.W.2d 115 (Mo. banc 1988); *Young v. State*, 761 S.W.2d 725 (Mo.App.1989).

Movant's trial counsel testified at the evidentiary hearing on the Rule 29.15 motion. The attorney explained why he inquired of Officer LaRose regarding Letterman's state-

ment that someone named Donnie shot the officer.

Mr. Friend and I had discussions about the defense that could be presented in this case. Officer LaRose had—after he had been shot at—had ultimately gone to the jail and made a one-on-one identification of Mr. Friend in a jail cell.

And after that we had tried to suppress the identification as being suggestive and unreliable, and that was overruled. So at trial the defense was going to have to deal with this identification by Officer LaRose of Clarence Alan Friend, which was very direct evidence and very damning evidence.

And the trial strategy that was set upon was to try to establish that some other person besides Clarence Alan Friend fired that shot. The way I understand Missouri law you can't just speculate that some third person was involved, you have to show that there was some connection between that third person and the actual offense.

And the only evidence that I knew of to bring in a third person were the statements of Bobby Letterman that a person by the name of Donnie had committed the offense of shooting at Officer LaRose. I think Bobby Joe Letterman, after he was stopped, he was apparently in the vehicle that was being chased, made a statement to Officer Mark LaRose that Donnie had done the shooting.

.   .   .   .   .

Well, Alan Friend and I figured out that Donnie Tummons was the one who was in the vehicle who had fired the shot at Mark LaRose, and that was our defense at trial.

"[T]his court's review is 'limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous.' Rule 29.15(j)." *State v. Williams,* 839 S.W.2d 732, 734 (Mo.App.1992). The findings of the trial court were supported by substantial evidence. The trial court's conclusions of law accurately state and apply the law. The findings and conclusions are, therefore, not clearly erroneous. Movant's

point on appeal is denied. The order denying movant's Rule 29.15 motion is affirmed.

SHRUM and MONTGOMERY, JJ., concur.