**STATE of Missouri, Respondent,**

v.

**William E. MOTLEY, Appellant.**

### No. 72723.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 23, 1998.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 26, 1998.

Application for Transfer Denied Oct. 20, 1998.

Nancy L. Vincent, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., James R. Layton, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

Defendant, William Motley, appeals a guilty verdict and sentence for the class B felony attempted manufacture or production of methamphetamine in violation of section 195.211 RSMo Cum.Supp.1996. He argues trial court instructional error and insufficien-

cy of evidence to support the verdict. We remand for resentencing as a class C felony because that is the charge submitted in the verdict directing instruction.

After receiving a tip from a confidential informant and defendant's ex-girlfriend, law enforcement agents conducted surveillance at 519 Church Street in Hannibal, Missouri on January 23 through January 25, 1997. During their surveillance, officers saw lights in the residence turn on and off numerous times. They observed a number of people at different intervals coming and going from the residence. They recorded information on visitor's vehicles, including a vehicle belonging to defendant. They executed a knock-and-announce search warrant at approximately 9:21 p.m. on January 25, 1997. After hearing a commotion inside, they entered the residence. When they found defendant, he was moving items blocking the back door; he appeared to be trying to flee. Officers testified that when they climbed the stairs to the second floor, they smelled ether. They arrested three people, including defendant.

They seized items from the east upstairs bedroom: two full bottles of Pseudoephedrine pills, a bottle of grain alcohol, fifteen empty bottles of Pseudoephedrine pills, a jar containing a mixture, a glass Pyrex bowl with a rubber lid, another smaller glass bowl, coffee filters, a hot plate, thirty-six lithium batteries, a funnel, a mason jar, a bottle of propane, a bottle of distilled water, plastic tubing, rubber gloves, a screwdriver, black hose with a blue-stained adapter and an envelope addressed to defendant at 519 Church Street. They also seized a set of scales from the west upstairs bedroom and a handwritten recipe for methamphetamine from a downstairs room.

Officers transported defendant to the Hannibal Police Department. During booking, defendant recited 519 Church Street as his address. He also signed an inventory sheet of his possessions that listed his address as 519 Church Street. After booking, officers transported defendant to the Marion County Jail. One of the officers transporting defendant testified he could smell ether emanating from defendant's clothing.

Defendant was charged with a class B felony of attempted manufacture or production of methamphetamine in violation of section 195.211 RSMo 1994. At trial, an officer testified the amount of traffic at the residence and the turning on and off the lights indicated drug activity. Another officer, Detective Rader, described the process of manufacturing methamphetamine. He observed the items seized from the east bedroom could be used to complete the first step and part of the second step of the four-step process of manufacturing methamphetamine. He testified the steps are often completed at different locations to avoid detection. Over defendant's objection, he testified the jar seized contained a mixture of Pseudoephedrine and grain alcohol, a component of the first step to manufacturing methamphetamine. He also testified ether, necessary for the third step, had a unique smell detectable by the human nose from 100 to 400 yards away. He testified the blue stain on the seized hose adapter indicated it had been previously used to siphon anhydrous ammonia from farm field tanks, a necessary component of step four. Defendant introduced testimony of his parents that he lived with them, not at 519 Church Street.

The jury found defendant guilty, but did not recommend a sentence because the trial court previously found defendant to be a prior and persistent offender. The trial court sentenced defendant to serve a period of twenty years on the class B felony.

■ Defendant argues the trial court erred in submitting Instruction No. 7 which failed to define attempt as a class B felony and the verdict director, Instruction No. 5, used the erroneous attempt definition. The parties agree he was charged, prosecuted and sentenced under section 195.211 RSMo 1994, a class B felony of attempt to manufacture a controlled substance. They also agree the jury found him guilty under the lesser burden of proof language found in the definition of a class C felony attempt in section 564.011 RSMo 1994. Defendant and state disagree on the remedy. Defendant argues submission of the "substantial step" language, sufficient for a class C felony, prejudiced him because the jury would have found

insufficient evidence to sustain a conviction had it been properly instructed on the "nearly consummated" class B felony language. He requests discharge or, in the alternative, a new trial. State, on the other hand, contends there was evidence to support the jury's verdict under the language of a section 564.011 RSMo 1994 class C felony. It requests a remand for re-sentencing.

Any person who manufactures a controlled substance or attempts to manufacture a controlled substance is guilty of the same crime, a class B felony. Section 195.211 RSMo 1994. Section 195.211 RSMo 1994 does not define the related attempt. MAI–CR 3d 304.06 offered the court a definition of attempt as found in MAI–CR 3d 325.06, the statutory definition of attempt to commit an offense under 564.011 RSMo 1994. Following MAI–CR3d 325.06, the court defined attempt as:

The doing of any act, with the purpose of committing the offense, which act is a substantial step towards the commission of the offense. A substantial step means conduct which is strongly corroborative of the firmness of the actor's purpose to complete the commission of the offense.

■ In 1993, the Southern District of this court held the term "attempt" as used in 195.211 RSMo bears the common law meaning and an instruction should be drafted accordingly. State v. Reyes, 862 S.W.2d 377, 386 (Mo.App. S.D.1993). The common law meaning of attempt requires the conduct of a defendant to "nearly approach the consummation" of that offense. Id. Adoption of common law attempt under section 195.211 did not foreclose the possibility that there may be a separate section 564.011 attempt. Id. Section 564.011 creates a broader inchoate attempt offense with a lesser punishment than the common law offense of an attempt to manufacture under section 195.211. Id.

In Reyes, the jury convicted defendant under the "substantial step" definition of attempt found in section 564.011, but recommended a sentence for violating section 195.211. The court adopted the jury recommendation. Reyes held the verdict directing instruction constituted reversible error because it set defendant's punishment incor-

rectly, as a class B felony under section 195.211. Id. at 387. It held the evidence did not support her conviction under class B felony common law attempt. Id. However, it found the evidence supported a conviction under the statutory inchoate offense of "attempt" in section 564.011, as well as, submission of the "substantial step" language under which the jury found defendant guilty. Id. The only available remedy was a remand for new trial because sentencing was an issue for the jury. Id.

In the present case, defendant argues there was insufficient evidence to support the jury's findings his conduct was a "nearly consummated" attempt to manufacture methamphetamine. He argues the evidence does not support a finding that he had access or control over the house or room where the items used in manufacture were seized. Furthermore, he argues that at best the record supported a finding that only the first of four steps in manufacturing methamphetamine was completed.

■ In reviewing the sufficiency of evidence, we view the evidence and all reasonable inferences in the light most favorable to the verdict and disregard all inferences to the contrary. State v. Grim, 854 S.W.2d 403, 405 (Mo. banc 1993). Defendant's verdict was for the class C felony. We review the sufficiency issue for that crime. We assume arguendo, the evidence is not sufficient to support the charged offense of an attempt to manufacture methamphetamine, as a class B felony proscribed by section 195.211 RSMo 1994. The record supports a finding defendant did not have the present ability to consummate the offense at the time of his arrest. The items seized would only permit completion of the first of four steps in manufacturing methamphetamine and part of the second step.

■ Defendant does not argue the evidence would not support a finding that defendant made a class C felony substantial step towards manufacturing methamphetamine as defined by section 564.011 RSMo 1994. The elements necessary to constitute a class C felony attempt are: (1) intent to commit the crime; (2) an overt act toward its commis-

sion; (3) failure of consummation; and, (4) the apparent possibility of commission. *State v. Mulder,* 916 S.W.2d 346, 348 (Mo. App. E.D.1996).

◼ State had the burden to prove defendant's acts went beyond mere preparation and were a "substantial step" toward the manufacturing of methamphetamine. His conduct and the items seized support a finding of guilt. He lived at 519 Church Street evidenced by his own admission, an envelope addressed to him at 519 Church Street, and by his presence at the time of the search. At his residence, he accumulated items necessary to complete the first step and part of the second step of the manufacture of methamphetamine. As evidenced by the mixture in the glass jar, the purpose of obtaining the items was for the manufacture of methamphetamine. Finally, the ether emanation from his clothing supports a finding that he actively took part in step three at another unidentified location. We find there was substantial evidence to support a finding defendant committed the statutory inchoate offense defined by section 564.011 RSMo 1994.

◼ In addition, the class B felony attempt charge was sufficient notice of the class C felony with the same elements. The purpose of an indictment or information is to inform the accused of the charges so that defendant may prepare an adequate defense and to prevent retrial on the same charges in case of an acquittal. *State v. O'Connell,* 726 S.W.2d 742, 746 (Mo. banc 1987). The test for the sufficiency of an indictment or information is whether it contains all of the elements of the offense and clearly apprises the defendant of the facts constituting the offense. *State v. Heslop,* 842 S.W.2d 72, 76 (Mo. banc 1992). The charge was sufficient to apprise defendant of the facts constituting the crime charged and to allow him to prepare an adequate defense. The indictment included all elements necessary to find defendant guilty of a class C felony of attempt and the evidence supported the jury's verdict of guilty on that charge. Conviction of the class C felony was not prejudicial to the

defense and denied none of defendant's rights.

◼ Defendant also argues the trial court erred when it admitted evidence of: (1) the uncharged crime of drug dealing; (2) guns seized from the residence; and, (3) the contents of the jar through the testimony of Detective Rader. The testimony regarding drug dealing was admissible as interconnected with, and nearly contemporaneous with, the circumstances or the sequence of events surrounding the offense charged. *State v. Harris,* 870 S.W.2d 798, 810 (Mo. banc 1994). For the same reason, there was no prejudice in admitting guns seized from the searched residence as part of the crime scene. *State v. Reyes,* 740 S.W.2d 257, 261 (Mo.App.1987). Defendant's argument the court erred in admitting a jar seized from the house was not preserved in his motion for new trial and is not an issue of plain error. His argument about certification of a police officer as an expert and admission of testimony on the process of manufacturing methamphetamine was rejected in *State v. Neal,* 624 S.W.2d 182, 183 (Mo.App.1981). An extended discussion of these arguments would serve no precedential purpose. The points are denied. Rule 84.16(b).

In accordance with *Reyes,* we hold the trial court erred in sentencing defendant to a class B felony for attempt to manufacture or produce a controlled substance under section 195.211. Unlike *Reyes,* the trial court, rather than a jury, will determine the sentence. It removed sentencing from the jury because it found defendant was a prior and persistent offender under section 557.036.4 RSMo 1994 with section 558.016.1 RSMo 1994. Therefore, we remand to the trial court for sentencing consistent with the verdict as a violation of section 564.011.[1]

AHRENS, P.J. and CRANDALL, J., concur.

---

**1.** MAI–CR 304.06 was changed July 7, 1997, and

now provides clarification on submission of at-

tempted manufacture or production of a controlled substance. Notes on Use number 2 provide that "attempt has its common law meaning. However, the state may accept that greater burden of the common law meaning (nearly approaching the consummation of the offense) for

the increased punishment of the specific statute, or opt for the lesser burden of proving an attempt under Section 564.011 (substantial step) with the less severe punishment provisions of that section."