**STATE of Missouri, Respondent,**

v.

**Elisha DAVIS, Appellant.**

**No. 73145.**

. Missouri Court of Appeals,
Eastern District,
Northern Division.

Dec. 1, 1998.

Gary E. Brotherton, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Barbara K. Chesser, Jefferson City, for respondent.

CLIFFORD H. AHRENS, Presiding Judge.

Defendant was charged by information with the class B felony of attempted manufacture or production of methamphetamine, section 195.211, RSMo 1994,[1] in cause number CR597–71FX. Defendant was also charged by information with the class C felony of possession of a controlled substance, section 195.202, in cause number CR596–833FX. These causes were consolidated at trial and identified as Count I and Count II, respectively. A jury found defendant guilty on both counts. The trial court found defendant to be a prior and persistent drug offender and sentenced him to consecutive terms without possibility of parole of thirty-five years imprisonment for attempted manufacture of methamphetamine and ten years imprisonment for possession. Defendant appeals the judgments on his convictions. We affirm the judgment of the trial court and remand Count I for resentencing as a class C felony.

Viewed in a light most favorable to the verdict, the evidence adduced at trial established the following facts. On September 22, 1996, Officer Robert Madore, having prior knowledge that defendant did not have a valid drivers' license, observed defendant driving a truck. Officer Madore activated his lights and siren and motioned defendant into a parking lot. Defendant made a sharp turn and drove approximately four blocks before finally coming to a stop. Christina Hays and Louis Starner were passengers in defendant's truck. Defendant tossed at least one object to Starner. Hays told Starner to "pitch it," but defendant commanded that he "hold it." Starner then exited the parked

---

1. All statutory references are to RSMo 1994 unless otherwise indicated.

truck and fled. Officer Madore arrested defendant and Officer Anthony Weldy pursued Starner.

Captain James Shinn observed Starner running, heard the sirens and gave chase. Before Starner could be apprehended, he threw two objects onto the roof of the Great Looks Hair Design & Tanning building. Officer Weldy recovered the containers from the roof of the building immediately after Starner's apprehension. These containers were tested and found to contain methamphetamine.

Four months later, on January 23 and 24, 1997, the Northeast Missouri Drug Task Force conducted surveillance of defendant's house. The police observed known narcotics users enter the house. Defendant's porch light repeatedly flashed on and off, a common sign for drug dealers to notify their "clientele" that they are "in business or out of business."

On January 25, 1997, the police executed a search warrant on defendant's house. Defendant was not present at the time of the search, but three other persons were arrested. The police seized items from the east upstairs bedroom: two full bottles of Pseudoephedrine pills, a bottle of grain alcohol, fifteen empty bottles of Pseudoephedrine pills, a gallon of distilled water, a Pyrex glassware dish, coffee filters, a portable burner plate, thirty-five lithium photocell batteries in a Tupperware container, a rubber tube with a discolored fitting, a plastic quart container, heavy rubber gloves, an envelope, firearms, a screwdriver and a jar containing a mixture. The police also seized syringes, a bent metal spoon and a triple beam scale in the west upstairs bedroom. On the bottom level of defendant's house, police found a plastic baggy of methamphetamine, firearms and a wooden box containing a recipe for the manufacture of methamphetamine and defendant's Missouri Department of Corrections inmate identification card. The officers smelled ether in the house. Defendant was arrested upon arrival at his house thirty minutes after the police executed the warrant.

In defendant's first and third points on appeal, he contends that insufficient evidence was adduced at trial to support the jury's verdict on Count I for the attempted manufacture of methamphetamine and the trial court improperly instructed the jury as to that charge. Defendant was charged with the class B felony of attempted manufacture or production of methamphetamine in violation of section 195.211. The jury found defendant guilty, but did not recommend a sentence because the trial court previously found defendant to be a prior and persistent offender. Section 195.275. The trial court sentenced defendant to serve a period of thirty-five years as provided in section 195.291.2. The instruction under which defendant was convicted defined attempt as "[t]he doing of any act, with the purpose of committing the offense, which act is a substantial step towards the commission of the offense." The instruction employed the definition of inchoate attempt under section 564.011 rather than the common law definition of attempt in which the conduct of a defendant must nearly approach the consummation of the offense. *See State v. Reyes*, 862 S.W.2d 377, 382 (Mo.App.1993). Under the inchoate attempt offense provided in section 564.011, the attempt is punishable as a lower grade felony than the object offense. *Id.* at 380; *cf.* section 195.211.

We find defendant's first and third points on appeal are controlled by the recent Eastern District decision of *State v. Motley*, 976 S.W.2d 502 (Mo.App.1998). In both cases, the defendant was charged, sentenced and prosecuted under section 195.211, a class B felony. *Motley*, at 504–05. In both cases, the instruction under which the defendant was convicted provided the lesser burden of proof language found in the definition of attempt in section 564.011. Under evidence nearly identical to that presented in this case, the *Motley* court found that there was insufficient evidence for the jury to find that the defendant had "nearly consummated" the attempt to manufacture methamphetamine. *Id.* at 505; section 195.211. The elements necessary to constitute a class C felony attempt to manufacture or produce methamphetamine are: (1) intent to commit a crime, (2) an overt act toward its commission, (3) failure of consummation and (4) the apparent

possibility of consummation. *Motley*, at 505–06.

When reviewing the sufficiency of the evidence in a case on appeal, we consider the facts and all reasonable inferences therefrom in the light most favorable to the verdict and reject all contrary evidence and inferences. *State v. Burkemper*, 882 S.W.2d 193, 196 (Mo.App.1994). Our function is not to weigh the evidence, but only to determine whether there is sufficient evidence from which reasonable persons could find the defendant guilty. *Id.* In this case, Sergeant Richard Ingilma, a Drug Enforcement Agency certified clandestine laboratory investigator, described the process of manufacturing methamphetamine. The items seized in the upper bedrooms were commonly used to manufacture methamphetamine. Defendant lived in the house in which the items seized were found, and arrived there soon after the police entered the house. Sergeant Ingilma testified that the mixture found in the upper east bedroom was the sediment of the first step of the four-step process used to manufacture methamphetamine. A strong odor of ether was detected in the house. We find there was sufficient evidence to support a finding defendant committed the statutory inchoate offense of attempt to manufacture methamphetamine as defined by section 564.011.

Additionally, the *Motley* court found that the information which charged defendant with the class B felony attempt was sufficient to apprise defendant of the facts constituting the crime charged in the information and allowed the defendant to prepare an adequate defense to the class C felony attempt. *Id.* at 506. The information included all elements necessary to find defendant guilty of a class C felony attempt and the evidence supported the jury's verdict of guilty on that charge. *Id.* Defendant's conviction of the class C felony attempt was not prejudicial to the defense and denied none of defendant's rights.

Following *Motley*, we find that the trial court erred in sentencing defendant to the class B felony of attempt to manufacture or produce a controlled substance under section 195.211. As defendant was found to be a prior and persistent offender, the trial court, rather than a jury, will determine defendant's sentence. *Id.* We remand to the trial court for sentencing consistent with the verdict as a violation of section 564.011.[2]

In his second point on appeal, defendant argues that the trial court erred in overruling his motion for acquittal upon his conviction on Count II for possession of methamphetamine because the state did not prove beyond a reasonable doubt that (1) the containers of methamphetamine recovered from the roof of the building were the same objects that defendant tossed to Starner and (2) the containers of methamphetamine recovered from the roof were the objects thrown by Starner.

To sustain a conviction for possession, the state must prove (1) conscious and intentional possession of the substance, either actual or constructive, and (2) awareness of the presence and nature of the substance. *State v. Purlee*, 839 S.W.2d 584, 588 (Mo. banc 1992). Both possession and knowledge may be proved by circumstantial evidence. *Id.* Although defendant does not challenge the state's evidence as to his awareness of the presence and nature of the methamphetamine, the two prongs of this test are not entirely independent. *Id.* at 588.

A person is in possession of a controlled substance if that

> person, with the knowledge of the presence and illegal nature of a substance, has actual or constructive possession of the substance. A person has actual possession if he has the substance on his person or within easy reach and convenient control. A person who, although not in actual possession, has the power and the intention at a given time to exercise dominion or control over the substance either directly or through another person . . . is in constructive possession of it.

Section 195.010(33). Missouri courts have found that a defendant exercising dominion and control over an object through another

---

2. State's motion for remand and sentencing is granted.

person is in constructive possession of that object. *State v. Bishop,* 942 S.W.2d 945, 951 (Mo.App.1997). In this case, defendant exercised dominion over the objects by tossing them to Starner and commanding him to hold them. *State v. Dampier,* 862 S.W.2d 366, 371 (Mo.App.1993). Starner took no action inimical to defendant's interest in the objects, but acted to preserve defendant's interest until he was about to be apprehended by the police. The facts provide sufficient evidence that defendant exercised control of the containers through another person and thus was in constructive possession. *Id.*

■■■■■ Further, sufficient evidence was adduced for the jury to infer that the objects defendant gave to Starner were the same containers of methamphetamine recovered by Officer Weldy. After the patrol car turned on its lights and siren, defendant made a sharp turn and increased his speed. A defendant's flight is admissible as tending to demonstrate a consciousness of guilt. *State v. Jackson,* 925 S.W.2d 856, 865 (Mo.App. 1996). Hays observed defendant toss "at least one" object to Starner as she sat between the two. She could not identify exactly what the objects were, but she did notice that defendant "was worried about it." Visible nervousness is one incriminating fact which will support a conviction if consistent with the totality of the circumstances. *State v. Mishler,* 908 S.W.2d 888, 892 (Mo.App. 1995). From these facts, it is evident that the objects passed to Starner after the pursuit by the police car were illegal in nature. As the evidence supports a finding that the containers of methamphetamine recovered from the roof were the objects thrown by Starner, *infra,* the jury could find beyond a reasonable doubt that the objects conveyed from defendant to Starner were the containers of methamphetamine.

Defendant then relies upon the case of *State v. Janson,* 964 S.W.2d 552 (Mo.App. 1998), for the proposition that there was insufficient evidence to prove that the objects thrown by Starner were the containers of methamphetamine recovered by the police officers. Defendant's reliance is misplaced. This is not a case in which the "mere pres-

ence of the accused [or Starner] on the shared premises where the drugs are found" led to defendant's conviction for possession. *Janson,* 964 S.W.2d 552, at 554.

Rather, this case is analogous to *State v. Williams,* 839 S.W.2d 732 (Mo.App.1992), in which the defendant ran from police custody and placed his hands near the waistband of his trousers as if he were removing something from beneath the waistband. *Williams,* 839 S.W.2d at 735. Officers in pursuit then observed the defendant run about a block and a half and throw two white objects over a fence. *Id.* Two white bottles which contained rocks of cocaine were found on top of a small shed located next to the fence over which the defendant had thrown the two objects. *Id.* The *Williams* court held that the evidence supported a finding that the defendant had possessed the bottles of rock cocaine. *Id.; see also State v. Dreiling,* 830 S.W.2d 521, 524–525 (Mo.App.1992).

Similarly, in this case, Captain Shinn heard police sirens and observed Starner running from that area. Shinn gave chase, but before Starner could be apprehended, he threw two objects onto the roof of the Great Looks Hair Design & Tanning building. Officer Weldy recovered the containers from the roof of the building immediately after Starner's apprehension. Weldy testified that there was nothing else on the roof aside from the two containers; it looked as if it had been recently cleaned. This evidence supports the finding that the two containers of methamphetamine recovered from the roof of the Great Looks Hair Design & Tanning building were the same objects which defendant tossed to Starner in the truck.

Accordingly, sufficient evidence was adduced at trial from which the jury could find that defendant was in possession of the containers of methamphetamine, the containers of methamphetamine recovered from the roof of the Great Looks Hair Design & Tanning building were the same objects which defendant tossed to Starner in the truck and were the same objects thrown by Starner. Point denied.

We affirm the judgment of the trial court and remand only for resentencing of Count I as a class C felony.

JAMES R. DOWD, J., and LAWRENCE E. MOONEY, J. concur.