STATE of Missouri, Plaintiff–
Respondent,

v.

Rodney SHIVELHOOD, Defendant–
Appellant.

No. 20895.

Missouri Court of Appeals,
Southern District,
Division One.

May 29, 1997.

Kent Denzel, Asst. Public Defender, Columbia, for defendant-appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Fernando Bermudez, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

GARRISON, Judge.

Following a jury trial, Rodney Shivelhood (Defendant) was convicted of attempting to steal property worth over $150 in violation of §§ 564.011 and 570.030,[1] and was sentenced to three years' imprisonment. Defendant challenges the sufficiency of the evidence to support his conviction, and the propriety of the verdict-directing instruction submitted to the jury. We affirm.

Defendant, his wife, and children went shopping at Wal–Mart on December 12, 1994. Following their arrival, Defendant and his ten-year old son, Tony, separated from the rest of the family and went to the electronics department. Curtis Smith and Robert Watson, loss prevention officers employed by Wal–Mart, made the following observations: Tony selected two Game Boy cartridges off the shelf and handed them to Defendant, who placed the cartridges in a shopping cart. Defendant also took a car stereo from the shelf and put it in the bottom of the shopping cart with the Game Boy cartridges. Defendant then used a coat that was already in the cart to cover the merchandise, and he also tucked it around the items so as to conceal them from view.[2] Defendant and his son left the electronics department with the cart and went to sporting goods, where Defendant chose a backpack off the shelf and placed it in the cart on top of the coat. Finally, they entered the shoe department, and Tony selected a pair of shoes and put them in the cart.

Defendant and Tony then took the cart to the domestics department, where they met briefly with Defendant's wife and other children, and then continued to the boys' wear department. After situating the cart in the center of boys' wear, Defendant left Tony behind with the cart, and as Defendant circled the area, Tony placed the car stereo, Game Boy cartridges, and shoes into the backpack. Tony then zipped up the backpack, put on his red coat, and left the boys' wear department with the backpack in hand.

Watson told Smith to notify an off-duty police officer, who was working in the store that day as a security officer. After Tony was seen leaving the store, without the backpack, accompanied by his mother and the other children, Defendant was intercepted in the store by a police officer. The officer identified himself, and informed Defendant that his son was suspected of being involved in a theft. Defendant initially denied having knowledge of any theft, and was taken to a security office in the store. In the meantime, Defendant's wife and the children, including Tony, were brought back into the store. In response to Watson's inquiry, Tony told him that he left the backpack in the ladies wear department. The backpack was then found under a rack of ladies clothing with the video games, stereo, and shoes inside.

1. All statutory references are to RSMo 1994 unless otherwise indicated.

2. The red coat belonged to Tony.

After receiving his *Miranda* warnings, Defendant was confronted with the backpack and the knowledge that he had been observed by two loss prevention officers placing the items found in the backpack in his shopping cart and concealing them with a coat. Defendant admitted that he was the one who had staged, planned, and attempted to execute the theft. Defendant was placed under arrest and taken to police headquarters.

Officer James McCullough questioned Defendant the next day at the Springfield Police Department. After again being advised of his rights, Defendant told the officer that he and his family had stolen "coast-to-coast" for the last five to six years. He also admitted that he had trained Tony to steal and that, while Tony had actually concealed the items, he was the one ultimately responsible for it.

At trial, Defendant testified that he placed the coat over the items in the cart to protect the coat, not because he intended to steal the merchandise covered by the coat. Defendant also stated that if Tony did place the merchandise in the backpack, he did not do so at Defendant's direction. Finally, he testified that his admissions to the police were done "sarcastically," and were given only because the officers did not want to hear the truth.

## POINT I

■ The State, in an amended information, charged that Defendant "concealed a Pioneer car stereo and a Game Boy cartridge, with a cumulative value of at least one hundred and fifty dollars, underneath a coat, and such conduct was a substantial step toward the commission of the crime of felony stealing, and was done for the purpose of committing such stealing." In Defendant's first point on appeal, he contends that the trial court erred in overruling his motions for judgment of acquittal and in sentencing him on his conviction. According to Defendant, "the State failed to prove beyond a reasonable doubt the offense charged since it did not produce sufficient evidence to convince a rational trier of fact that covering merchandise in a shopping cart constituted a substantial step towards committing the offense."

■ In reviewing a challenge to the sufficiency of the evidence, we accept as true all of the evidence favorable to the verdict, including all favorable inferences drawn from the evidence, and disregard all evidence and inferences to the contrary. *State v. Grim*, 854 S.W.2d 403, 405 (Mo. banc), *cert. denied*, 510 U.S. 997, 114 S.Ct. 562, 126 L.Ed.2d 462 (1993). Appellate review is limited to a determination of whether there is sufficient evidence from which a reasonable juror might have found Defendant guilty beyond a reasonable doubt. *Id.* "[W]e do not weigh the evidence but determine only whether there was evidence from which reasonable persons could have found the defendant guilty." *State v. Mishler*, 908 S.W.2d 888, 891 (Mo.App. S.D.1995).

Defendant summarizes his argument on this point as follows:

[Defendant's] argument is simply that the State alleged in the information it filed, and instructed the jury in the verdict director it submitted, that the substantial step toward stealing here was [Defendant's] act in covering or concealing merchandise under a coat in his shopping cart. The State wholly failed to prove how this conduct was a substantial step toward stealing, when [Defendant] neither tried to leave the store without paying for the merchandise, nor in any discernible way attempted to parlay this conduct into an appropriation of the goods.

Section 564.011.1 establishes the requisite elements of the crime of attempt:

A person is guilty of attempt to commit an offense when, with the purpose of committing the offense, he does any act which is a substantial step towards the commission of the offense. A **"substantial step"** is conduct which is strongly corroborative of the firmness of the actor's purpose to complete the commission of the offense.

■ In addition, the elements of the crime of stealing are set forth in § 570.030:

1. A person commits the crime of stealing if he appropriates property or services of another with the purpose to deprive him

thereof, either without his consent or by means of deceit or coercion.

\* \* \* \* \* \*

3. Stealing is a Class C felony if:

(1) The value of the property or services appropriated is one hundred fifty dollars or more.

"Therefore, attempted felony stealing may be accomplished by a purpose to steal property over $150, accompanied by an act which is a substantial step toward the commission of that crime." *State v. Merchant,* 871 S.W.2d 102, 104 (Mo.App. E.D.1994).

■ On appeal, Defendant does not contend that the items at issue were worth less than $150, nor does he contend that he lacked the requisite intent to steal. His sole contention is that there was insufficient evidence to prove that his act in placing the coat over the merchandise in the shopping cart was a substantial step toward stealing that merchandise.

The essence of "substantial step" is that the step must be "strongly corroborative of the firmness of the actor's intent." The conduct must be indicative of the defendant's purpose to complete the offense. What act or conduct will constitute a substantial step will depend on the facts of the particular case.

*State v. Molasky,* 765 S.W.2d 597, 601 (Mo. banc 1989).

The evidence indicated the deliberate nature of Defendant's act in concealing the items in the shopping cart. Smith and Watson both testified that Defendant not only placed the coat over the items in the cart, but also "tucked" the coat around the items, concealing them from view. Defendant later selected a backpack and circled the area while his son placed the merchandise in it. He also later confessed that he staged, planned, and attempted to execute the theft.

We find that Defendant's act of concealing the items in the shopping cart with a coat was a "substantial step" towards the commission of that offense. His actions were strongly corroborative of the firmness of his intent to steal the items he concealed under the coat, and were indicative of his purpose to complete the theft. The evidence was therefore sufficient for the jury to find that Defendant attempted to steal the items he concealed under the coat. Point I is denied.

## POINT II

■ In Defendant's second point on appeal, he complains that the trial court erred in submitting Instruction No. 6, the verdict-directing instruction:

### INSTRUCTION NO. 6 [3]

A person is responsible for his own conduct and he is also responsible for the conduct of another person in committing an offense if he acts with him with the common purpose of committing the offense, or if, for the purpose of committing that offense, he aids or encourages the other person in committing it.

If you find and believe from the evidence beyond a reasonable doubt:

First, that on or about the 12th day of December, 1994, in the County of Greene, State of Missouri, the defendant concealed a Pioneer car stereo and a Game Boy cartridge, with a cumulative value of at least one hundred fifty dollars, underneath a coat, and

Second, that such conduct was a substantial step toward the commission of the offense of stealing the Pioneer car stereo and Game Boy cartridge, and

Third, that defendant engaged in such conduct for the purpose of committing such stealing,

then you are instructed that the offense of an attempt to commit stealing has occurred, and if you further find and believe from the evidence beyond a reasonable doubt:

Fourth, that with the purpose of promoting or furthering the commission of that attempt to commit stealing, the

---

**3.** Instruction No. 6 was patterned after MAI–CR 3d 304.04 (Defendant's Responsibility for Conduct of Another Person) (October 1, 1994), and modified by MAI–CR 3d 304.06 (Attempts) (January 1, 1987) and MAI–CR 3d 304.08 (The Principal Offense: Modifications When Jury is Not to Assess Punishment) (September 1, 1990).

defendant aided or encouraged Tony Shivelhood in committing that offense, then you will find the defendant guilty of an attempt to commit the offense of stealing.

However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

A person commits the crime of stealing if he appropriates property or services of another with the purpose to deprive him thereof, either without his consent or by means of deceit or coercion.

As used in this instruction, the term "substantial step" means conduct which is strongly corroborative of the firmness of the defendant's purpose to complete the commission of the offense of stealing.

If you do find the defendant guilty of an attempt to commit the offense of stealing, you will return a verdict finding him guilty of an attempt to commit the offense of stealing.

The conduct that the prosecution charged as a crime was Defendant's act of concealing a car stereo and a Game Boy cartridge underneath a coat. According to Defendant, "[i]ncluding the first paragraph [of the instruction] and the paragraph labeled 'Fourth' was error because they confused the jury into using evidence of an irrelevant act, i.e., Tony loading items into the backpack, to prove the crime charged."

MAI–CR 3d 304.04, Notes on Use 5(d), provides the following:

Where the evidence shows the conduct constituting the elements of the offense was committed solely by the defendant and there is also evidence that someone aided the defendant, there is no need to use MAI–CR 3d 304.04 because the ordinary verdict directing instruction for the offense is sufficient to submit the defendant's liability. However, MAI–CR 3d 304.04 can be adapted to cover this situation, but using it puts an additional and unnecessary burden on the prosecution. If the prosecution wishes to submit such a case using MAI–CR 3d 304.04, then

(1) all the elements of the offense should be ascribed to the defendant, and

(2) the paragraph following "then you are instructed that the offense of [name of offense] has occurred ..." should be modified to read:

(Second) (Third) (next numbered paragraph), that defendant acted (alone or) with the aid of [names(s) of other person(s) or, if unknown, a general identification of the other(s) involved, such as "another person," "other person(s)," etc.] in committing that offense.

The prosecution, while not mandated to do so under the circumstances of this case, chose to use MAI–CR 3d 304.04. The verdict director it submitted, however, deviated from the Notes on Use for that particular instruction. Contrary to those Notes, paragraph "Fourth" of the instruction, as submitted to the jury, said the following:

Fourth, that with the purpose of promoting or furthering the commission of that attempt to commit stealing, the defendant aided or encouraged Tony Shivelhood in committing that offense.

Read literally and in isolation, paragraph "Fourth", as submitted, stated that Tony Shivelhood committed the offense of attempted stealing, and that Defendant simply aided or encouraged Tony in its commission. Defendant argues that "[t]he instruction injected an issue that the charge and the evidence did not support. The court should not have instructed on aiding and abetting when the conduct at issue was concealing the items under the coat, conduct that the evidence showed was unrelated to Tony."

An instruction must be supported by substantial evidence and the reasonable inferences drawn therefrom. *State v. Howard*, 896 S.W.2d 471, 492 (Mo.App. S.D.1995). Additionally, "[t]he giving of an instruction in violation of the Notes on Use constitutes error." *State v. Gateley*, 907 S.W.2d 212, 218 (Mo.App. S.D.1995). "However, both error in the giving of the instruction and prejudice to the defendant are required before an appellate court may reverse based on an error in the jury instructions." *Id.* "Prejudice, as that term is used in connection with erroneous jury instructions, is defined as the potential for misleading or confusing the jury." *State v. Stoer*, 862 S.W.2d 348, 351 (Mo.App. S.D.1993).

Defendant argues that he was prejudiced by the instruction because it was "no more than the State's attempt to use what it must have considered stronger evidence, i.e., Tony loading up the backpack, to prove the completely unrelated crime that it actually charged, covering merchandise in a cart with a coat." He also argues that "[b]ecause the instruction created a link to evidence that was unrelated to the charge, it served only to confuse the jury into convicting [Defendant] for his son's actions."

By using MAI–CR 3d 304.04 instead of the ordinary verdict directing instruction for attempted stealing, the prosecution placed an "additional and unnecessary burden" on itself. "A criminal jury instruction that puts an additional burden on the state beyond that which is legally required in order to establish guilt, is not prejudicial to the defendant." *State v. Livingston*, 801 S.W.2d 344, 350 (Mo. banc 1990).

A careful reading of the submitted instruction reveals that the phrase "that offense" in paragraph "Fourth" refers to the offense of attempted stealing outlined in paragraphs "First," "Second," and "Third" of the instruction. In order to have found Defendant guilty, the jury had to believe the propositions proffered in these three paragraphs beyond a reasonable doubt. Paragraphs "First," "Second," and "Third" referred only to Defendant's conduct in concealing the merchandise in the shopping cart. In fact, the instruction specifically provided that if the jury believed these three propositions, "the offense of an attempt to commit stealing has occurred. . . ." Before considering paragraph "Fourth," the jury would have effectively found Defendant guilty of attempted stealing.

Therefore, we find that the verdict-directing instruction, though erroneous, did not prejudice Defendant. Point II is denied.

Affirmed.

BARNEY, P.J., and PREWITT, J., concur.