STATE of Missouri, Respondent,

v.

Gregory MORROW, Appellant.

No. WD 55784.

Missouri Court of Appeals,
Western District.

May 18, 1999.

As Modified June 29, 1999.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 29, 1999.

Application for Transfer Denied
Aug. 24, 1999.

John Munson Morris, Jefferson City, for respondent.

Amy Bartholow, Columbia, for appellant.

Before HOWARD, P.J., ULRICH, J. and SMART, J.

ULRICH, Judge.

Gregory Morrow appeals his convictions for the class D felony of possession of ephedrine with the intent to manufacture methamphetamine, section 195.246, RSMo Cum.Supp.1998, and the class C felony of attempt to manufacture methamphetamine, section 564.011, RSMo 1994, and sentences as a prior and persistent offender to concurrent terms of ten and fifteen years imprisonment, respectively. He claims that the trial court erred in (1) overruling his motion to suppress his post-arrest statements and physical evidence because the evidence and statements were fruits of an illegal arrest, (2) overruling his motion for judgment of acquittal because insufficient evidence was presented to prove the elements of the crimes, and (3) admitting evidence that he used methamphetamine two days prior to his arrest because such evidence was irrelevant and prejudicial.[1] The judgment of convictions is reversed.

On November 5, 1997, Brad Bartlett, an officer with the Marshall police department, learned from a confidential informant that a man was in the process of purchasing toluene, a chemical paint thinner commonly used in the manufacture of methamphetamine in the Marshall area, from the local Sherwin Williams store at Marshall Plaza. The informant explained that the man, later identified as the appellant Gregory Morrow, was a passenger in a dark blue or black Ford Bronco and gave Officer Bartlett the license plate number of the automobile.

Officer Bartlett and Detective Sergeant Bolling immediately drove to Marshall Plaza in separate vehicles and observed the Bronco at Orscheln's Farm and Home

---

1. Because the first and second points on appeal are dispositive, Mr. Morrow's third point on appeal is not addressed.

store. The officers telephoned the Sherwin Williams store to confirm the description of the Bronco and that the passenger of the vehicle had purchased toluene. The officers then called Orscheln's and learned that a man was in the store purchasing Liquid Fire, a drain cleaner used in the Marshall area as an ingredient to manufacture methamphetamine. The officers observed a man, later identified as Dennis O'Brien, the driver of the Bronco, exit the store with a bottle of Liquid Fire.

Hoping they would be led back to a methamphetamine lab, Officer Bartlett and Detective Sergeant Bolling decided to follow Mr. O'Brien and Mr. Morrow in the Bronco. The men, however, stopped at a day care center. Fearing that the men were waiting to pick up a child, the officers decided to end the investigation prematurely and arrest the suspects before a child got into the Bronco with the chemicals. Officer Bartlett and Detective Sergeant Bolling approached the Bronco with their weapons drawn and ordered the men to get out of the automobile. The officers then arrested the men.

During an inventory of the Bronco, officers discovered supplies used within the area to manufacture methamphetamine, including one gallon of toluene, a bottle of Liquid Fire, four bottles of Efedrin (pseudoephedrine), one bottle of mini thins (ephedrine), and an air tank. At the police station, Mr. Morrow gave a three-page statement to Officer Bartlett after receiving *Miranda*[2] warnings. Mr. Morrow stated that he had purchased the five bottles of pseudoephedrine and ephedrine two weeks before the arrest. He also stated that he and Mr. O'Brien bought the toluene and Liquid Fire for Mr. O'Brien's brother-in-law, Kevin Riley, known by Officer Bartlett to be a drug dealer. Mr. Morrow denied that he intended to manufacture methamphetamine or that he knew anyone who intended to make the controlled substance. Mr. Morrow admitted that he had used methamphetamine two nights before his arrest.

Mr. Morrow was subsequently charged by amended information with the class D felony of possession of ephedrine with the intent to manufacture methamphetamine, section 195.246, RSMo Cum.Supp.1998, and the class C felony of attempt to manufacture methmaphetamine, section 564.011, RSMo 1994. Prior to trial, Mr. Morrow made, through his attorney, an oral motion to suppress the evidence found in the Bronco and his post-arrest statements claiming that they were the products of an illegal arrest. The trial court found that probable cause to support the arrest existed and denied the motion to suppress. A jury returned verdicts of guilty on both charges. Mr. Morrow was sentenced as a prior and persistent offender to concurrent terms of ten and fifteen years imprisonment. This appeal followed.

■ In his first point on appeal, Mr. Morrow claims that the trial court plainly erred in overruling his pretrial motion to suppress his post-arrest statements and the physical evidence seized from the Bronco because the statements and evidence were fruits of an illegal arrest. He contends his and Mr. O'Brien's purchase of toluene and Liquid Fire, both of which are legal to purchase and possess, was insufficient to support probable cause to arrest him.

The State argues that Mr. Morrow failed to preserve this point for appellate review. Prior to trial, Mr. Morrow made an oral motion to suppress his post-arrest statements and the evidence seized from the Bronco, including the pseudoephedrine and ephedrine, the toluene, the Liquid Fire, and the air tank. He then filed a memorandum in support of the motion to suppress. Following a hearing on the motion, the motion was denied. Mr. Morrow concedes that he has failed to preserve the issue of appellate review and seeks plain error review under Rule 30.20.

■ When a pretrial motion to suppress evidence is denied, the defendant

2. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

must renew the objection or make a specific objection at trial when the evidence is presented to preserve the issue of appellate review. *State v. Jordan,* 978 S.W.2d 36, 40 (Mo.App. E.D.1998). The trial court must be given the opportunity to reconsider its prior ruling against the backdrop of the evidence adduced at trial. *State v. Powell,* 793 S.W.2d 505, 508 (Mo.App. E.D. 1990). Furthermore, the stating of "no objection" when the evidence is introduced at trial constitutes an affirmative waiver of appellate review of the issue, and, thus, the matter will not be considered under the plain error rule. *State v. Stevens,* 949 S.W.2d 257, 258 (Mo.App. S.D.1997); *State v. Ealey,* 727 S.W.2d 165, 167 (Mo.App. W.D.1987). "As opposed to a simple failure to object, which may warrant plain error review, a statement by defendant's counsel that there is no objection to…a particular piece of evidence precludes a finding that the failure to object was negligent or inadvertent and renders that evidence admissible." *Stevens,* 949 S.W.2d at 258 (quoting *State v. Scott,* 858 S.W.2d 282, 285 (Mo.App. W.D.1993)).

In this case, an objection was made by Mr. Morrow, when the State sought to introduce into evidence Mr. Morrow's post-arrest statement. The objection, however, was not based on the grounds raised in the motion to suppress, the illegality of the arrest, but instead on relevancy grounds. When the objection was denied, the court asked if Mr. Morrow had any other objections and he replied, "No." Likewise, when the physical evidence seized from the Bronco, including the pseudoephedrine and ephedrine, the toluene, the Liquid Fire, and the air tank, was introduced into evidence, Mr. Morrow stated, "No objection." By expressly stating that he had no objections to the admission of his post-arrest statements and the physical evidence seized from the Bronco, Mr. Morrow affirmatively waived appellate review of this issue, and the issue will not be reviewed under the plain error rule. *Ealey,* 727 S.W.2d at 167. Point one is denied.

■ In his second point on appeal, Mr. Morrow claims that the trial court erred in overruling his motion for judgment of acquittal. He contends that the evidence presented was insufficient to support convictions for possession of ephedrine with the intent to manufacture methamphetamine, section 195.246, RSMo Cum.Supp. 1998, and attempt to manufacture methamphetamine, section 564.011, RSMo 1994. Specifically, he claims that the State failed to prove that he intended to manufacture methamphetamine. He also claims that evidence of his possession of ephedrine and pseudoephedrine, toluene, Liquid Fire, and an air tank was insufficient to prove that he took a substantial step towards the manufacture of methamphetamine.

Review of a challenge to the sufficiency of the evidence to support a criminal conviction is limited to determining whether sufficient evidence was presented from which a reasonable jury could find the defendant guilty beyond a reasonable doubt. *State v. Smith,* 944 S.W.2d 901, 916 (Mo. banc 1997), *cert. denied,* —— U.S. ——, 118 S.Ct. 377, 139 L.Ed.2d 294 (1997). The evidence and all reasonable inferences drawn from the evidence are viewed in the light most favorable to the jury's verdict, and any contrary evidence and inferences are disregarded. *Id.*

■ A person commits the crime of possession of ephedrine with the intent to manufacture methamphetamine when he possesses ephedrine or pseudoephedrine, their salts, optical isomers and salts of optical isomers with the intent to manufacture methamphetamine or any of its analogs. § 195.246, RSMo Cum.Supp.1998. A person commits the crime of attempt to manufacture methamphetamine when, with the purpose of committing the offense, he does any act that is a substantial step towards the commission of the offense. § 564.011, RSMo 1994. A "substantial step" is conduct that is strongly corroborative of the firmness of the actor's intent. *State v. Shivelhood,* 946 S.W.2d 263, 266 (Mo.App. S.D.1997). The conduct must be

indicative of the defendant's purpose to complete the offense. *Id.* What act or conduct will constitute a substantial step will depend on the facts of the particular case. *Id.* The elements necessary to constitute the class C felony attempt to manufacture methamphetamine are: (1) intent to manufacture methamphetamine, (2) an overt act towards the commission of the crime, (3) failure of consummation, and (4) the apparent possibility of consummation. *State v. Motley,* 976 S.W.2d 502, 505–506 (Mo.App. E.D.1998). A substantial step or overt act towards the commission of the crime must be something more than mere preparation, yet may be less than the last act necessary before the actual commission of the substantive crime. *Id.* at 506; *U.S. v. Wagner,* 884 F.2d 1090, 1095 (8th Cir. 1989), *cert. denied,* 494 U.S. 1088, 110 S.Ct. 1829, 108 L.Ed.2d 958 (1990).

Insufficient evidence was presented in this case to support Mr. Morrow's convictions for possession of ephedrine with the intent to manufacture methamphetamine and attempt to manufacture methamphetamine. While the evidence indicated that Mr. Morrow possessed chemicals used in the Marshall area to manufacture methamphetamine and that Mr. Morrow actually used methamphetamine two nights before his arrest, such evidence alone was insufficient to prove that he intended to manufacture methamphetamine or took a substantial step beyond mere preparation towards the manufacture of the controlled substance. The State did not present any evidence that Mr. Morrow planned to use the supplies he possessed to manufacture methamphetamine or that he knew how to manufacture the substance. Furthermore, no laboratory or manufacturing equipment nor other ingredients necessary for the manufacture of methamphetamine were found in Mr. Morrow's possession. The police officers involved in Mr. Morrow's arrest testified at trial that they planned to follow Mr. Morrow and Mr. O'Brien after the men purchased the toluene and the Liquid Fire hoping they would be led back to a methamphetamine lab. Understandably, they made a conscious decision to end the investigation prematurely when they realized the men may have stopped to pick up a child at a day care center. The State's evidence against Mr. Morrow, therefore, consisted only of his possession of ephedrine and pseudoephedrine, toluene, Liquid Fire, and an air tank, and his post-arrest statement that he had previously used methamphetamine. While the items found in Mr. Morrow's possession are all used to manufacture methamphetamine, they are all sold commercially, have valid use and are legal to possess. The jury may have been entitled to be suspicious of Mr. Morrow's possession of such chemicals and the air tank; however, it could not have concluded, without speculation, on this evidence alone, that Mr. Morrow intended to manufacture methamphetamine or that Mr. Morrow took a substantial step toward the manufacture of methamphetamine or that a person other than Mr. Morrow intended to manufacture methamphetamine. The evidence, therefore, was insufficient to support convictions for possession of ephedrine with the intent to manufacture and attempt to manufacture methamphetamine. *See U.S. v. Weston,* 4 F.3d 672 (8th Cir.1993)(evidence did not support conviction for possession of methylamine with intent to manufacture methamphetamine even though defendant had acquired gallon of methylamine from undercover agent, defendant had never told third party that picked up the chemical that he intended to manufacture methamphetamine, other chemicals and apparatus necessary for manufacture had never been found, and there was no evidence that defendant knew how to manufacture methamphetamine or knew anyone with that knowledge). *But See State v. Davis,* 982 S.W.2d 739 (Mo.App. E.D. 1998)(conviction for class C felony attempt to manufacture methamphetamine was supported by evidence that items seized from defendant's house were commonly used to manufacture methamphetamine, that mixture found in house was sediment of first step of manufacturing methamphetamine, and

that strong odor of ether was detected in the house); *State v. Motley,* 976 S.W.2d 502 (Mo.App. E.D.1998)(conviction for class C felony attempt to manufacture methamphetamine was supported by evidence that defendant lived at residence containing items necessary to complete first step and part of second step of manufacture of methamphetamine, that a jar found in defendant's house contained a component of the first step in manufacturing methamphetamine, and that defendant actively took part in third step of manufacturing process at another unidentified location).

Accordingly, the judgment of convictions is reversed.

All concur.