**STATE of Missouri, Plaintiff–Respondent,**

v.

**Billy D. DEADMON, Defendant–Appellant.**

No. 25330.

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 24, 2003.

Nancy A. McKerrow, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Adriane Dixon Crouse, Asst. Atty. Gen., Jefferson City, for Respondent.

NANCY STEFFEN RAHMEYER, Chief Judge.

Billy D. Deadmon ("Appellant") was charged, by felony information, with possession of a chemical with the intent to create a controlled substance, pursuant to section 195.420.[1] He was convicted of the charge following a jury trial and, after finding him to be a prior offender, the trial court subsequently sentenced him to four years imprisonment. Appellant now appeals, challenging the propriety of the search and the sufficiency of the evidence. We reverse.

On the morning of May 25, 2002, Appellant and Eric Phillips ("Phillips") were traveling south on Highway 65 through Benton County, Missouri, when Corporal Steven Frisbie ("Officer Frisbie") of the Missouri State Highway Patrol stopped their vehicle for various traffic violations.[2] Phillips, who had been driving, was placed under arrest after Officer Frisbie obtained driver's licenses and proof of insurance from the men, and determined that Phillips had been driving with a license that had been either suspended or revoked. Officer Frisbie instructed Phillips to exit the vehicle so that he could place him under arrest, and at this point, he noticed that Phillips was wet from waist down and was not wearing any shoes.

After arresting Phillips, Officer Frisbie determined that the vehicle would have to be towed because there was no shoulder to the road, and it was dangerous to leave the vehicle parked on the roadway. After determining that the vehicle should be towed, Officer Frisbie instructed Appellant to exit the vehicle so that he could conduct an inventory search. Appellant was then instructed to empty his pockets, and when

---

1.  All references to statutes are to RSMo 2000, unless otherwise indicated.

2.  Specifically, Phillips and Appellant were pulled over for traveling 70 miles per hour in a 65 mile per hour zone, for failing to signal a lane change, and for failing to wear seat belts.

he did so, he produced a pair of binoculars and a map of Missouri, which Officer Frisbie subsequently seized. From the inside of the vehicle, Officer Frisbie also seized a cash register receipt that had hand-written directions to Brookfield, Missouri on its backside. After discovering these items, Officer Frisbie asked Appellant where he and Phillips were coming from, and Appellant informed him that they had been visiting a friend in Brookfield; however, when Appellant was pressed, he was unable to provide Officer Frisbie with the name of the friend they had been visiting.

Officer Frisbie then conducted an inventory search of the vehicle, during which he discovered a forty-pound propane tank of anhydrous ammonia in the trunk compartment. At that point, Officer Frisbie placed Appellant under arrest because he had been a passenger in a car where the anhydrous ammonia was found. Appellant was subsequently charged and then convicted of possession of a chemical with the intent to manufacture a controlled substance.

Appellant brings two points on appeal. In his first point, Appellant contends that the trial court abused its discretion in failing to grant his motion to suppress certain evidence discovered on his person,[3] as well as certain statements he made to Officer Frisbie,[4] because the items and statements were obtained in violation of the Fourth Amendment. In his second point on appeal, Appellant argues that the trial court erred in denying Appellant's motion for judgment of acquittal and accepting the jury's guilty verdict because the State failed to prove every element of the charged offense beyond a reasonable doubt. The State concedes, in an admirable display of candor, that it did not meet its burden of proof and Appellant's conviction cannot stand. Thus, in light of this admission, Appellant's second point is dispositive, and we need not address his first point on appeal.

■ The Due Process Clause of the United States Constitution "requires the prosecution to prove beyond a reasonable doubt all of the elements included in the definition of the offense of which the defendant is charged." *Patterson v. New York*, 432 U.S. 197, 210, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977). The Missouri courts have recognized this constitutional mandate, stating that "[a] verdict of guilty must rest on proof beyond a reasonable doubt of each element of the crime charged against the defendant." *State v. Conway*, 786 S.W.2d 165, 168 (Mo.App. W.D.1990).

■ Our function is not to reweigh the evidence, but rather to determine whether the conviction is supported by sufficient evidence. *State v. Martin*, 940 S.W.2d 6, 8 (Mo.App. W.D.1997). We must "accept[ ] as true all of the evidence favorable to the state, including all favorable inferences drawn from the evidence and disregard[ ] all evidence and inferences to the contrary." *State v. Grim*, 854 S.W.2d 403, 405 (Mo. banc 1993) (quoting *State v. Dulany*, 781 S.W.2d 52, 55 (Mo. banc 1989)). However, this court is not permitted to " 'supply missing evidence, or give the [State] the benefit of unreasonable, speculative or forced inferences.' " *State v. Whalen*, 49 S.W.3d 181, 184 (Mo. banc 2001) *cert. denied*, 534 U.S. 1030, 122 S.Ct. 567, 151

---

**3.** In particular, Appellant sought to suppress the binoculars and the map of Missouri that Officer Frisbie discovered after ordering Appellant to empty his jacket pockets.

**4.** In response to questions asked him by Officer Frisbie, Appellant stated that he and Phillips were returning from visiting a friend in Brookfield, and that he did not know the name of the friend in question.

L.Ed.2d 440 (2001) (quoting *State v. Withrow*, 8 S.W.3d 75, 77 (Mo. banc 1999)).

In Appellant's case, he was charged, pursuant to section 195.420, with possession of a chemical with the intent to create a controlled substance. Consistent with the elements set forth in section 195.420, the jury was instructed that:

> If you find and believe from the evidence beyond a reasonable doubt:
>
>> First, that on or about May 25, 2002, in the County of Benton, State of Missouri, the defendant possessed anhydrous ammonia, and,
>>
>> Second, that the defendant knew of its presence and nature, and,
>>
>> Third, that the defendant did so with the intent to process the anhydrous ammonia to create methamphetamine, a controlled substance,
>
> Then you must find the defendant guilt [sic] of possession of a chemical with the intent to create a controlled substance.

Thus, at trial, the State bore the burden of proving each of the three elements of the above charge beyond a reasonable doubt.

■ After examining the evidence presented at trial, and accepting as true all evidence favorable to the State, it appears to us that the State proved only the following at trial: that Appellant was a passenger in a vehicle that contained a tank of anhydrous ammonia in its trunk. Even if we assume, as the State argues,[5] that this evidence was sufficient to prove that Appellant knowingly possessed the anhydrous ammonia, it was not sufficient to prove Appellant's intent to manufacture a controlled substance. As the Missouri courts have often held, the mere possession of chemicals or paraphernalia that can be used to manufacture a controlled substance is insufficient to prove that Appellant actually had the intent to manufacture. *See State v. Lubbers*, 81 S.W.3d 156, 162 (Mo.App. E.D.2002) (holding that even though defendant was found to be in possession of a "methamphetamine lab with products in the final stages of production" "nothing ... indicated that Defendant knew how to or intended to manufacture methamphetamine").[6] Indeed, the State itself concedes that "the State did not present sufficient evidence from which a jury could reasonably infer that Appellant possessed [the anhydrous ammonia] with the intent to create methamphetamine."

In light of the State's own admission that it failed to carry its burden of proving the offense at trial, Appellant's conviction cannot stand. We therefore reverse the judgment of conviction. Appellant is ordered discharged.

PARRISH, J., and SHRUM, J., concur.

---

5. By this statement, we do *not* find or otherwise mean to indicate that the State met its burden of proving that Appellant knowingly possessed the anhydrous ammonia. Because we find, and the State concedes, that the element of intent was not established by the State, we need not provide a thorough analysis of the evidence offered by the State to prove the first two elements of the charge.

6. *See also State v. Agee*, 37 S.W.3d 834 (Mo. App. S.D.2001) (holding that proof of the defendant's possession of seven blister packs of pseudoephedrine and a propane tank was insufficient to prove intent to manufacture methamphetamine); *State v. Arles*, 998 S.W.2d 136 (Mo.App. S.D.1999) (holding that defendant's possession of several boxes of suphedrine, coffee filters, air-line tubing, propane, lantern fuel, and alcohol was insufficient to prove his intent to manufacture methamphetamine); *State v. Morrow*, 996 S.W.2d 679 (Mo.App. W.D.1999) (holding that defendant's possession of ephedrine, pseudoephedrine, toluene, Liquid Fire, and an air tank was insufficient to prove his intent to manufacture methamphetamine).